ORIGINAL

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

NOV 24 2009

JAMES N. HATTEN, Clerk
By: Deputy Clerk

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| HITACHI KOKI CO., LTD.,<br><br>Plaintiff,<br><br>v.<br><br>TECHTRONIC INDUSTRIES CO. LTD., TECHTRONIC INDUSTRIES NORTH AMERICA, INC., ONE WORLD TECHNOLOGIES, INC., OWT INDUSTRIES INC., MILWAUKEE ELECTRIC TOOL CORPORATION, and RYOBI TECHNOLOGIES, INC.,<br><br>Defendants. | ) | Civil Action No.: 1 09-CV-3308 |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff, Hitachi Koki Co., Ltd., by its undersigned attorneys, complains of Defendants, Techtronic Industries Co. Ltd., Techtronic North America, Inc., One World Technologies, Inc., OWT Industries Inc., Milwaukee Electric Tool Corporation, and Ryobi Technologies, Inc., and shows the Court as follows:

**NATURE OF LAWSUIT**

1. This is a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

**PARTIES AND PATENTS**

2. Hitachi Koki Co., Ltd. ("Hitachi Koki") is a foreign corporation organized and existing under the laws of Japan having a principal place of business at Shinagawa Intercity Tower A, 20th Floor, 15-1, Konan 2-chome, Minato-ku, Tokyo 108-6020, Japan.

3. Hitachi Koki owns all right, title and interest in the following United States Patents: U. S. Pat. No. 7,207,251 entitled "Cutter With Laser Generator That Irradiates Cutting Position On Workpiece To Facilitate Alignment Of Blade With Cutting Position" ("the '251 patent"), and U. S. Pat. No. 7,521,892, entitled "Cordless Power Tool With Overcurrent Protection Circuit Permitting The Overcurrent Condition During Specified Time Periods" ("the '892 patent"). The '251 patent is attached as Exhibit A and is incorporated herein by reference. The '892 patent is attached as Exhibit B and is incorporated herein by reference.

4. Hitachi Koki USA, Ltd. ("Hitachi Koki USA") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 3950 Steve Reynolds Blvd., Norcross, Georgia. Hitachi USA is a wholly owned subsidiary of Hitachi Koki. Hitachi USA supplies United States-based retailers and service centers with products covered by the '251 and '892 patents.

5. On information and belief, Defendant Techtronic Industries Co. Ltd. ("TTi") is a Hong Kong corporation with its principal place of business located at 24/F CDW Building, 388 Castle Peak Road, Tsuen Wan, New Territories, Hong Kong. On information and belief, TTi is a designer, marketer, manufacturer, and supplier of power tools and battery packs under various brand names including "Ryobi," "Milwaukee" and "RIDGID."

6. On information and belief, Defendant Techtronic Industries North America, Inc. ("TTi America") is a Delaware corporation with its principal place of business at 1428 Pearman Dairy Road, Anderson, South Carolina. On information and belief, TTI America is a subsidiary of TTi. On information and belief, TTi America is a designer, marketer, manufacturer, and supplier of power tools and battery packs under various brand names including "Ryobi," "Milwaukee" and "RIDGID.".

7. On information and belief, Defendant One World Technologies, Inc. ("One World") is a Delaware corporation with its principal place of business at 1428 Pearman Dairy Road, Anderson, South Carolina. On information and belief, One World is a subsidiary of TTi and TTi America.

8. On information and belief, OWT Industries Inc. ("OWT") is a Delaware corporation having its principal place of business at 225 Pumpkintown

Highway, Pickens, South Carolina. On information and belief, OWT is a subsidiary of TTi and TTi America.

9. On information and belief, Defendant Milwaukee Electric Tool Corporation ("Milwaukee Electric") is a Delaware corporation with its principal place of business located at 13135 West Lisbon Road, Brookfield, Wisconsin. On information and belief, Milwaukee Electric is a subsidiary of TTi and TTi America.

10. On information and belief, Defendant Ryobi Technologies, Inc. ("Ryobi Technologies") is a Delaware corporation with its principal place of business at 1428 Pearman Dairy Road, Anderson, South Carolina. On information and belief, Ryobi Technologies is a subsidiary of TTi and TTi America.

11. On information and belief, One World, OWT and Ryobi Technologies manufacture and distribute products under the "Ryobi" brand name.

12. On information and belief, One World and OWT manufacture and distribute products under the "RIDGID" brand name.

13. On information and belief, Milwaukee Electric manufactures and distributes products under the "Milwaukee" brand name.

## JURISDICTION AND VENUE

14. This is an action for patent infringement founded upon the patent laws of the United States 35 U.S.C. § 100 *et seq.* Jurisdiction is based on 28 U.S.C. § 1338(a). Venue is based on 28 U.S.C. §§ 1391 and 1400(b).

15. On information and belief, each Defendant regularly transacts business in the State of Georgia and in this judicial district by, among other things, offering to sell, selling, advertising, and/or importing into the United States power tool products and batteries through retail stores, catalogs and the Internet in such a way to reach customers in Georgia and this judicial district. Defendants' power tools and batteries, including ones mentioned in the paragraphs that follow, are supplied to and available for purchase at a number of different retailers in this judicial district.

## COUNT I

### (Infringement of the '892 Patent)

16. Hitachi Koki incorporates by reference and realleges the allegations of paragraphs 1 through 15.

17. TTi, TTi America and Milwaukee Electric (collectively the "Milwaukee Electric Defendants") sell several lines of power tools and battery packs with overcurrent protection circuitry that permits an overcurrent during a

period of time. Upon information and belief, the Milwaukee Electric Defendants have offered for sale and/or sold these power tools and battery packs under various part numbers or designations, including but not limited to the following part numbers or designation under the "Milwaukee" brand name: 2401, 2410, 2415, 2420, 2450, 2451, 2470, 2471, 2601, 2602, 2610, 2611, 2620, 2645, 2650, 2651, 2652, 2662, 2663, 2664, 2665, 2680.

18. The Milwaukee Electric Defendants are directly infringing, inducing infringement and contributorily infringing Hitachi Koki's exclusive rights in the '892 patent by manufacturing, importing, using, offering for sale, and/or selling products that embody the inventions of and are within the scope of the '892 patent, and/or by causing others to offer for sale, sell, and use the infringing products. Products sold under the "Milwaukee" brand name that embody the inventions of and are within the scope of the '892 patent include, but are not limited to, those identified in paragraph 17.

19. TTi, TTi America, One World and OWT (collectively "RIDGID Defendants") sell several lines of power tools and battery packs with overcurrent protection circuitry that permits an overcurrent during a period of time. Upon information and belief, the RIDGID Defendants have offered for sale and/or sold these power tools and battery packs under various part numbers or designations,

including but not limited to the following part number or designation under the "RIDGID" brand name: R82007, R82008, R8411503, R842301, R8442, R8452, R86006, R86007, R86014, R86030, R861150, R86230, R864, R86447, R865, R8660, R250AF18, R84008, R840084.

20. The RIDGID Defendants are directly infringing, inducing infringement and contributorily infringing Hitachi Koki's exclusive rights in the '892 patent by manufacturing, importing, using, offering for sale, and/or selling products that embody the inventions of and are within the scope of the '892 patent, and/or by causing others to offer for sale, sell, and use the infringing products. Products sold under the "RIDGID" brand name that embody the inventions of and are within the scope of the '892 patent include, but are not limited to, those identified in paragraph 19.

21. TTi, TTi America, One World, OWT, and Ryobi Technologies (collectively "Ryobi Defendants") sell several lines of power tools and battery packs with overcurrent protection circuitry that permits an overcurrent during a period of time. Upon information and belief, the Ryobi Defendants have offered for sale and/or sold these power tools and battery packs under various part numbers or designations, including but not limited to the following part number or

designation under the "Ryobi" brand name: CID120L, CR120L, CS120L, HJP001, HJP002, P202, P250, P503, P513, P580, P630, P635, P815, CB120L, P103, P104.

22. The Ryobi Defendants are directly infringing, inducing infringement and contributorily infringing Hitachi Koki's exclusive rights in the '892 patent by manufacturing, importing, using, offering for sale, and/or selling Ryobi products that embody the inventions of and are within the scope of the '892 patent, and/or by causing others to offer for sale, sell, and use the infringing products. Products sold under the "Ryobi" brand name that embody the inventions of and are within the scope of the '892 patent include, but are not limited to, those identified in paragraph 21.

23. The acts of Defendants complained of herein constitute direct and indirect infringement of the '892 patent in violation of 35 U.S.C. § 271.

24. Defendants' infringement has injured Hitachi Koki and Hitachi Koki USA and Hitachi Koki is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty.

25. Defendants' infringement has injured and will continue to injure Hitachi Koki, unless and until this Court enters an injunction prohibiting further infringement and, specifically, enjoining further manufacture, use, importation,

offers for sale and/or sale of Defendants' infringing products that fall within the scope of any of the claims of the '892 patent.

## COUNT II

### (Infringement of the '251 Patent)

26. Hitachi Koki incorporates by reference and realleges the allegations of paragraphs 1 through 25.

27. The Ryobi Defendants sell miter saws including saws where a laser generator is mounted on the holder or cutter blade portion of a miter saw and where at least a portion of the laser light from the laser generated is directed beneath the saw blade onto a position to be cut on the workpiece. Upon information and belief, the Ryobi Defendants have offered for sale and/or sold these cutters under various part number or designations, including but not limited to the following part number or designation: Ryobi TSS100L.

28. The Ryobi Defendants are directly infringing, inducing infringement and contributorily infringing Hitachi Koki's exclusive rights in the '251 patent by manufacturing, importing, using, offering for sale, and/or selling products that embody the inventions of and are within the scope of the '251 patent, and/or by causing others to offer for sale, sell, and use the infringing products. Products sold under the "Ryobi" brand name that embody the inventions of and are within

the scope of the '251 patent include, but are not limited to, those identified in paragraph 27.

29. The acts of the Ryobi Defendants complained of herein constitute direct and indirect infringement of the '251 patent in violation of 35 U.S.C. § 271.

30. The Ryobi Defendants' infringement has injured Hitachi Koki and Hitachi Koki USA and Hitachi Koki is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty.

31. The Ryobi Defendants' infringement has injured and will continue to injure Hitachi Koki, unless and until this Court enters an injunction prohibiting further infringement and, specifically, enjoining further manufacture, use, importation, offers for sale and/or sale of the Ryobi Defendants' infringing products that fall within the scope of any of the claims of the '251 patent.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Hitachi Koki, prays that this Court enter judgment in its favor and against Defendants as follows:

A. Finding that Defendants have infringed, induced others to infringe, and/or contributed to the infringement of the '251 and/or '892 patents;

B. Awarding damages to Hitachi Koki under 35 U.S.C. § 284 along with interest and costs for Defendants' infringement of the '251 and/or '892 patents;

C. Finding that this case is an exceptional case under 35 U.S.C. § 285, and awarding all remedies available thereunder including Hitachi Koki's attorneys' fees.

D. Entering a permanent injunction under 35 U.S.C. § 283 enjoining Defendants, their officers, partners, employees, agents, parents subsidiaries, attorneys and anyone acting or participating with them, from manufacturing, making, selling, offering for sale, importing, or using a product that infringes the '251 and/or '892 patents; and

E. Awarding to Hitachi Koki such other and further relief as this Court or a jury may deem just and equitable.

*[rest of page intentionally left blank]*

**JURY DEMAND**

Hitachi Koki demands a trial by jury on all issues so triable.

DATED this 24th day of November 2009

Ronald T. Coleman, Jr.
Georgia Bar No. 177655
rcoleman@phrd.com
Trishanda L. Treadwell
Georgia Bar No. 356896
ttreadwell@phrd.com
Parker Hudson Rainer & Dobbs
1500 Marquis Two Tower
285 Peachtree Center Ave. NE
Atlanta, GA 30303
Phone: 404.420.1144
Facsimile: 404.522.8409

*Of Counsel*

Paul Devinsky
Christina A. Ondrick
McDermott Will & Emery LLP
600 Thirteenth Street, NW
Washington, DC 20005
pdevinsky@mwe.com
Phone: 202.756.8369
Facsimile: 202.756.8087