**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| HITACHI KOKI CO., LTD.,<br><br>Plaintiff,<br><br>v.<br><br>TECHTRONIC INDUSTRIES CO. LTD., TECHTRONIC INDUSTRIES NORTH AMERICA, INC., ONE WORLD TECHNOLOGIES, INC., OWT INDUSTRIES INC., MILWAUKEE ELECTRIC TOOL CORPORATION, and RYOBI TECHNOLOGIES, INC.,<br><br>Defendants. | ) | Civil Action No.: 1:09-CV-3308-RWS |

**DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES, AND**
**<u>COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT</u>**

Defendants, Techtronic Industries Co. Ltd., Techtronic Industries North America, Inc., Milwaukee Electric Tool Corporation, One World Technologies, Inc., OWT Industries Inc., and Ryobi Technologies, Inc., (collectively "Defendants") by and through their undersigned attorneys, answer the Complaint of Plaintiff, Hitachi Koki Co., Ltd. ("Hitachi Koki"), and assert their affirmative defenses and counterclaims as follows:

## NATURE OF LAWSUIT

1. Defendants admit that this lawsuit alleges claims for patent infringement and that the patent laws of the United States, Title 35 of the United States Code govern these claims.

## PARTIES AND PATENTS

2. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny those allegations.

3. Defendants admit that the attachments to Hitachi Koki's Complaint, Exhibit A and Exhibit B, purport to be copies of U.S. Patent No. 7,207,251, entitled "Cutter With Laser Generator That Irradiates Cutting Position On Workpiece To Facilitate Alignment Of Blade With Cutting Position" ("the '251 Patent") and U.S. Patent No. 7,521,892, entitled "Cordless Power Tool With Overcurrent Condition During Specified Time Periods" ("the '892 Patent"). Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore deny those allegations.

4. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny those allegations.

5. Admitted.

6. Admitted.

7. Admitted.

8. Admitted.

9. Admitted.

10. Admitted.

11. Admitted.

12. Admitted.

13. Admitted.

## JURISDICTION AND VENUE

14. Defendants admit that Hitachi Koki, in its Complaint, alleges patent infringement under Title 35 of the United States Code. Defendants also admit that this Court has jurisdiction over the allegations raised in this case. For the purposes of this action only, Defendants do not contest venue of this action in the Northern District of Georgia. Defendants deny any remaining allegations in this paragraph and expressly deny any infringement of the asserted patents.

15. Defendants do not contest that this Court has personal jurisdiction over Defendants for purposes of this action only. Defendants deny any remaining allegations in this paragraph.

**COUNT I**

**Infringement of the '892 Patent**

16. Defendants repeat and incorporate by reference paragraphs 1-15 above as though fully set forth herein.

17. TTi, TTi America, and Milwaukee Electric (collectively "Milwaukee Electric Defendants") admit that they sell several lines of power tools and battery packs, including but not limited to the following part numbers or designations under the "Milwaukee" brand name: 2401, 2410, 2415, 2420, 2450, 2451, 2470, 2471, 2601, 2602, 2610, 2611, 2620, 2645, 2650, 2651, 2652, 2662, 2663, 2664, 2665, and 2680. For any remaining allegations in this paragraph, the Milwaukee Electric Defendants are without knowledge or information sufficient to form a belief as to the truth of such allegations and therefore deny those allegations.

18. Denied.

19. TTi, TTi America, One World and OWT (collectively "RIDGID Defendants") admit that they sell, have offered for sale, or have sold several lines of power tools and battery packs with various part numbers or designations,

including but not limited to the following part numbers or designations under the "RIDGID" brand name: R82007, R82008, R8411503, R842301, R8422, R8452, R86006, R86007, R86014, R86030, R861150, R86230, R864, R86447, R865, R8660, R250AF18, R84008, and R840084. For any remaining allegations in this paragraph, the RIGID Defendants are without knowledge or information sufficient to form a belief as to the truth of such allegations and therefore deny those allegations.

20. Denied.

21. TTi, TTi America, One World, OWT, and Ryobi Technologies (collectively "Ryobi Defendants") admit that they sell, have offered for sale, or have sold several lines of power tools and battery packs under various part numbers or designations, including but not limited to the following part numbers or designations under the "Ryobi" brand name: CID120L, CR120L, CS120L, HJP001, HJP002, P202, P250, P503, P513, P580, P630, P635, P815, CB120L, P103, and P104. For any remaining allegations in this paragraph, the Ryobi Defendants are without knowledge or information sufficient to form a belief as to the truth of such allegations and therefore deny those allegations.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

**COUNT II**

**Infringement of the '251 Patent**

26. Defendants repeat and incorporate by reference paragraphs 1-25 above as though fully set forth herein.

27. The Ryobi Defendants admit that they sell, have offered to sell, or have sold miter saws under various part numbers or designations, including but not limited to the following part number or designation: Ryobi TSS 100L. For the remaining allegations in this paragraph, the Ryobi Defendants are without knowledge or information sufficient to form a belief as to the truth of such allegations and therefore deny those allegations.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Each and every allegation that is not expressly and specifically admitted to or responded to in response to each paragraph of the Complaint is hereby denied.

## PRAYER FOR RELIEF

These paragraphs set forth the prayer for relief requested by Hitachi Koki to which no response is required. Defendants deny that Hitachi Koki is entitled to any of the requested relief and deny any allegations set forth in these paragraphs.

## AFFIRMATIVE DEFENSES

### AFFIRMATIVE DEFENSE NO. 1
### NON-INFRINGEMENT OF U.S. PATENT NO. 7,207,251

Defendants have not infringed, directly or indirectly, and are not infringing, directly or indirectly, any valid and enforceable claim of the ‘251 Patent.

### AFFIRMATIVE DEFENSE NO. 2
### NON-INFRINGEMENT OF U.S. PATENT NO. 7,521,892

Defendants have not infringed, directly or indirectly, and are not infringing, directly or indirectly, any valid and enforceable claim of the ‘892 Patent.

### AFFIRMATIVE DEFENSE NO. 3
### INVALIDITY OF U.S. PATENT NO. 7,207,251

The ‘251 Patent is invalid for failure to comply with one or more of 35 U.S.C. §§ 101, 102, 103, and 112.

### AFFIRMATIVE DEFENSE NO. 4
### INVALIDITY OF U.S. PATENT NO. 7,521,892

The ‘892 Patent is invalid for failure to comply with one or more of 35 U.S.C. §§ 101, 102, 103, and 112.

**AFFIRMATIVE DEFENSE NO. 5**
**LACHES/ESTOPPEL**

Hitachi Koki's claims for relief are barred, in whole or in part, by the equitable doctrines of laches and/or estoppel.

**AFFIRMATIVE DEFENSE NO. 6**
**UNCLEAN HANDS**

Hitachi Koki's claims are barred, in whole or in part, as a result of Hitachi Koki's unclean hands in asserting both the '251 Patent and the '892 Patent against Defendants.

**AFFIRMATIVE DEFENSE NO. 7**
**LIMITATION ON DAMAGES**

Hitachi Koki's claims for damages are barred, in whole or in part, by 35 U.S.C. § 287.

**DEFENDANTS' COUNTERCLAIMS AGAINST HITACHI KOKI**

For its Counterclaims against Plaintiff, Hitachi Koki, Defendants, by and through their undersigned counsel, allege and assert as follows:

**THE PARTIES**

1. Defendant and Counterclaim-Plaintiff, Techtronic Industries Co. Ltd., is a Hong Kong corporation with its principal place of business located at 24/F CDW Building, 388 Castle Peak Road, Tsuen Wan, New Territories, Hong Kong.

2. Defendant and Counterclaim-Plaintiff, Techtronic Industries North America, Inc., is a Delaware corporation with its principal place of business at 1428 Pearman Dairy Road, Anderson, South Carolina.

3. Defendant and Counterclaim-Plaintiff, One World Technologies, Inc., is a Delaware corporation with its principal place of business at 1428 Pearman Dairy Road, Anderson, South Carolina.

4. Defendant and Counterclaim-Plaintiff, OWT Industries Inc., is a Delaware corporation having its principal place of business at 225 Pumpkintown Highway, Pickens, South Carolina.

5. Defendant and Counterclaim-Plaintiff, Milwaukee Tool Electric Corporation, is a Delaware corporation with its corporate headquarters located at 13135 West Lisbon Road Brookfield, WI 53005.

6. Defendant and Counterclaim-Plaintiff, Ryobi Technologies, Inc., is a Delaware corporation with its principal place of business at 1428 Pearman Dairy Road, Anderson, South Carolina.

**JURISDICTION AND VENUE**

7. Defendants' counterclaims arise under the United States patent laws, 35 U.S.C. § 100 *et seq*. and the Declaratory Judgment Act, 28 U.S.C. §§ 2201-

2202. As a result of Hitachi Koki's Complaint, an actual and justiciable controversy exists between Defendants and Hitachi Koki.

8. The Court has subject matter jurisdiction over Defendants' counterclaims based on 28 U.S.C. §§ 1331 and 1338 (a) and (b).

9. Hitachi Koki is subject to personal jurisdiction in this District.

10. Venue is proper in this judicial district based on 28 U.S.C. §§ 1391 and 1400.

**COUNTERCLAIM NO. 1:**
**NON-INFRINGEMENT OF U.S. PATENT NO. 7,207,251**

11. Defendants repeat and incorporate by reference paragraphs 1-10 above as though fully set forth herein.

12. Defendants have not infringed, directly or indirectly, and are not infringing, directly or indirectly, the '251 Patent.

**COUNTERCLAIM NO. 2:**
**NON-INFRINGEMENT OF U.S. PATENT NO. 7,521,892**

13. Defendants repeat and incorporate by reference paragraphs 1-12 above as though fully set forth herein.

14. Defendants have not infringed, directly or indirectly, and are not infringing, directly or indirectly, the '892 Patent.

**COUNTERCLAIM NO. 3:**
**INVALIDITY OF U.S. PATENT NO. 7,207,251**

15. Defendants repeat and incorporate by reference paragraphs 1-14 as though fully set forth herein.

16. The '251 Patent is invalid for failure to comply with one or more of 35 U.S.C. §§ 101, 102, 103, and/or 112.

**COUNTERCLAIM NO. 4:**
**INVALIDITY OF U.S. PATENT NO. 7,521, 892**

17. Defendants repeat and incorporate by reference paragraphs 1-16 as though fully set forth herein.

18. The '892 Patent is invalid for failure to comply with one or more of 35 U.S.C. §§ 101, 102, 103, and/or 112.

**REQUEST FOR RELIEF**

Defendants respectfully request that the Court enter judgment against Plaintiff and award Defendants the following relief:

(a) That the Court dismiss, with prejudice, Hitachi Koki's Complaint against Defendants;

(b) That the Court award Hitachi Koki nothing by way of its Complaint against Defendants;

(c) That the Court declare that Defendants have not infringed, directly or indirectly, and are not infringing, directly or indirectly, U.S. Patent No. 7,207,251 and U.S. Patent No. 7,521,892;

(d) That the Court declare that the claims of U.S. Patent No. 7,207,251 and U.S. Patent No. 7,521,892 are invalid;

(e) That the Court enjoin Hitachi Koki from charging or asserting infringement of any claim of U.S. Patent No. 7,207,251 and U.S. Patent No. 7,521,892 against Defendants or anyone in privity with Defendants;

(f) That Defendants be awarded their reasonable costs, expenses, and attorneys' fees in this action, as this is an exceptional case; and

(g) That Defendants be awarded any further relief that the Court may deem just and proper.

## JURY DEMAND

Defendants request trial by jury on all issues triable of right by jury.

Respectfully submitted, this 19th day of February, 2010.

s/ Tiana S. Mykkeltvedt
Edward B. Krugman
GA Bar No. 429927
Tiana S. Mykkeltvedt
GA Bar No. 533512
Bondurant Mixson & Elmore LLP
1201 W Peachtree St NW Ste 3900
Atlanta, GA 30309
Tel: 404-881-4100
Fax: 404-881-4111
krugman@bmelaw.com
mykkeltvedt@bmelaw.com

Jonathan E. Retsky, *Pro hac vice pending*
Illinois Bar No. 6201846
Jason C. White, *Pro hac vice pending*
Illinois Bar No. 6238352
Michelle Marek, *Pro hac vice pending*
Illinois Bar No. 6297112
HOWREY LLP
321 N. Clark Street, Suite 3400
Chicago, Illinois 60654
Phone: (312) 846-5648
Fax: (312) 264-0380

Scott W. Hansen, *Pro hac vice pending*
Wisconsin Bar No. 1017206
Paul Stockhausen, *Of counsel*
Wisconsin Bar No. 1034225
Reinhart Boerner Van Deuren, S.C.
1000 N. Water Street, Suite 1700
Milwaukee, WI 53202
Phone: (414) 298-1000
Fax: (414) 298-8097

*Attorneys for Defendants Techtronic Industries Co. Ltd., Techtronic Industries North America, Inc., One World Technologies, Inc., OWT Industries Inc., Milwaukee Tool Corporation, and Ryobi Technologies, Inc.*

## CERTIFICATE OF SERVICE

This is to certify that on February 19, 2010, I electronically filed the foregoing DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorneys of record:

Ronald T. Coleman, Jr.
rcoleman@phrd.com
Trishanda L. Treadwell
ttreadwell@phrd.com
Parker Hudson Rainer & Dobbs
1500 Marquis Two Tower
285 Peachtree Center Ave. NE
Atlanta, GA 30303

Paul Devinsky
Christina A. Ondrick
McDermott Will & Emery LLP
600 Thirteenth Street, NW
Washington, DC 20005
pdevinsky@mwe.com

*s/ Tiana S. Mykkeltvedt*
Tiana S. Mykkeltvedt