**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| HITACHI KOKI CO., LTD.,<br><br>Plaintiff,<br><br>v.<br><br>TECHTRONIC INDUSTRIES CO. LTD., TECHTRONIC INDUSTRIES NORTH AMERICA, INC., ONE WORLD TECHNOLOGIES, INC., OWT INDUSTRIES, INC., MILWAUKEE ELECTRIC TOOL CORPORATION, and RYOBI TECHNOLOGIES, INC.<br><br>Defendants. | ) | Case No. 1:09-CV-3308-WSD |

**DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

Defendants, Techtronic Industries Co. Ltd., Techtronic Industries North America, Inc., Milwaukee Electric Tool Corporation, One World Technologies, Inc., OWT Industries Inc., and Ryobi Technologies, Inc. (collectively "Defendants") by and through their attorneys, answer the Second Amended Complaint of Plaintiff, Hitachi Koki Co., Ltd. ("Hitachi Koki"), and assert their affirmative defenses and counterclaims as follows:

## NATURE OF LAWSUIT

1. Defendants admit that this lawsuit alleges claims for patent infringement and that the patent laws of the United States, Title 35 of the United States Code govern these claims, but deny any infringement of the asserted patents.

## PARTIES AND PATENTS

2. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny those allegations.

3. Defendants admit that the attachments to Hitachi Koki's Amended Complaint, Exhibits A through E, purport to be copies of U.S. Patent No. 7,207,251, entitled "Cutter With Laser Generator That Irradiates Cutting Position On Workpiece To Facilitate Alignment of Blade With Cutting Position" ("the '251 Patent"); U.S. Patent No. 7,521,892, entitled "Cordless Power Tool With Overcurrent Condition During Specified Time Periods" ("the '892 Patent"); U.S. Patent No. 7,886,44, entitled "Cutter With Laser Generator That Irradiates Cutting Position On Workpiece To Facilitate Alignment of Blade With Cutting Position" ("the '644 Patent"); U.S. Patent No. 7,930,962, entitled "Cutter With Laser Generator That Irradiates Cutting Position On Workpiece To Facilitate Alignment Of Blade With Cutting Position" ("the '962 Patent"); and U.S. Patent No.

8,359,960, entitled “Cutter With Laser Generator that Irradiates Cutting Position On Workpiece To Facilitate Alignment Of Blade With Cutting Position” (“the ‘960 patent”). Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore deny those allegations.

4. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny those allegations.

5. Defendants admit the allegations of paragraph 5.

6. Defendants admit the allegations of paragraph 6.

7. Defendants admit the allegations of paragraph 7.

8. Defendants admit the allegations of paragraph 8.

9. Defendants admit the allegations of paragraph 9.

10. Defendants admit the allegations of paragraph 10.

11. Defendants admit the allegations of paragraph 11.

12. Defendants admit the allegations of paragraph 12.

13. Defendants admit the allegations of paragraph 13.

## JURISDICTION AND VENUE

14. Defendants admit that Hitachi Koki, in its Amended Complaint, alleges patent infringement under Title 35 of the United States Code. Defendants also admit that this Court has jurisdiction over the allegations raised in this case. For the purposes of this action only, Defendants do not contest venue of this action in the Northern District of Georgia. Defendants deny any remaining allegations in this paragraph and expressly deny any infringement of the asserted patents.

15. Defendants do not contest that this Court has personal jurisdiction over Defendants for purposes of this action only. Defendants deny any remaining allegations in this paragraph.

## COUNT I

## (Infringement of the '892 Patent)

16. Defendants repeat and incorporate by reference paragraphs 1-15 above as though fully set forth herein.

17. TTi, TTi America, and Milwaukee Electric (collectively "Milwaukee Electric Defendants") admit that they have offered for sale and/or sold several lines of power tools and battery packs, including but not limited to the following part numbers or designations under the "Milwaukee" brand name: 2401, 2410, 2415, 2420, 2450, 2451, 2470, 2471, 2601, 2602, 2610, 2611, 2620, 2645,

2650, 2651, 2652, 2662, 2663, 2664, 2665, and 2680. For any remaining allegations in this paragraph, the Milwaukee Electric Defendants are without knowledge or information sufficient to form a belief as to the truth of such allegations and therefore deny those allegations.

18. Defendants deny the allegations of paragraph 18.

19. TTi, TTi America, One World and OWT (collectively "RIDGID Defendants") admit that they have offered for sale and/or sold several lines of power tools and battery packs with various part numbers or designations, including but not limited to the following part numbers or designations under the "RIDGID" brand name: R82007, R82008, R8411503, R842301, R8422, R8452, R86006, R86007, R86030, R861150, R86230, R864, R86447, R865, R8660, R250AF18, R84008, and R840084. For any remaining allegations in this paragraph, the RIDGID Defendants are without knowledge or information sufficient to form a belief as to the truth of such allegations and therefore deny those allegations.

20. Defendants deny the allegations of paragraph 20.

21. TTi, TTi America, One World, OWT, and Ryobi Technologies (collectively "Ryobi Defendants") admit that they have offered for sale and/or sold several lines of power tools and battery packs under various part numbers or designations, including but not limited to the following part numbers or

designations under the "Ryobi" brand name: CID120L, CR120L, CS120L, HJP001, HJP002, P202, P250, P503, P513, P850, P630, P635, P815, CB120L, P103, and P104. For any remaining allegations in this paragraph, the Ryobi Defendants are without knowledge or information sufficient to form a belief as to the truth of such allegations and therefore deny those allegations.

22. Defendants deny the allegations of paragraph 22.

23. Defendants deny the allegations of paragraph 23.

24. Defendants deny the allegations of paragraph 24.

25. Defendants deny the allegations of paragraph 25.

**COUNT II**

**(Infringement of the '251 Patent)**

26. Defendants repeat and incorporate by reference paragraphs 1-25 above as though fully set forth herein.

27. The Ryobi Defendants admit that they have offered for sale and/or sold miter saws, including but not limited to the following part numbers or designations: Ryobi TSS100L, TSS101L, TS1343L, TS1344L, TS1141L, TS1142L, and P551. For any remaining allegations in this paragraph, the Ryobi Defendants are without knowledge or information sufficient to form a belief as to the truth of such allegations and therefore deny those allegations.

28. Defendants deny the allegations of paragraph 28.

29. The RIGID Defendants admit that they have offered for sale and/or sold miter saws, including but not limited to the following part numbers or designations: RIGID R4110. For any remaining allegations in this paragraph, the RIGID Defendants are without knowledge or information sufficient to form a belief as to the truth of such allegations and therefore deny those allegations.

30. Defendants deny the allegations of paragraph 30.

31. Defendants deny the allegations of paragraph 31.

32. Defendants deny the allegations of paragraph 32.

33. Defendants deny the allegations of paragraph 33.

## COUNT III

## (Infringement of the '644 Patent)

34. Defendants repeat and incorporate by reference paragraphs 1-33 above as though fully set forth herein.

35. The Ryobi Defendants admit that they have offered for sale and/or sold miter saws, including but not limited to the following part numbers or designations: Ryobi TSS100L, TSS101L, TS1343L, TS1344L, TS1141L, TS1142L, and P551. For any remaining allegations in this paragraph, the Ryobi

Defendants are without knowledge or information sufficient to form a belief as to the truth of such allegations and therefore deny those allegations.

36. Defendants deny the allegations of paragraph 36.

37. The RIGID Defendants admit that they have offered for sale and/or sold miter saws, including but not limited to the following part numbers or designations: RIGID R4110. For any remaining allegations in this paragraph, the RIGID Defendants are without knowledge or information sufficient to form a belief as to the truth of such allegations and therefore deny those allegations.

38. Defendants deny the allegations of paragraph 38.

39. Defendants deny the allegations of paragraph 39.

40. Defendants deny the allegations of paragraph 40.

## COUNT IV

## (Infringement of the '962 Patent)

41. The Ryobi Defendants repeat and incorporate by reference paragraphs 1-40 above as though fully set forth herein.

42. The Ryobi Defendants admit that they have offered for sale and/or sold miter saws, including but not limited to the following part numbers or designations: Ryobi TSS100L and TSS101L. For any remaining allegations in this paragraph, the Ryobi Defendants are without knowledge or information

sufficient to form a belief as to the truth of such allegations and therefore deny those allegations.

43. Defendants deny the allegations of paragraph 43.

44. Defendants deny the allegations of paragraph 44.

45. Defendants deny the allegations of paragraph 45.

**COUNT V**

**(Infringement of the ‘960 Patent)**

46. Defendants repeat and incorporate by reference paragraphs 1-45 above as though fully set forth herein.

47. The Ryobi Defendants admit that they have offered for sale and/or sold miter saws, including but not limited to the following part numbers or designations: Ryobi TS1343L, TS1344L, TS1141L, TS1142L, and P551. For any remaining allegations in this paragraph, the Ryobi Defendants are without knowledge or information sufficient to form a belief as to the truth of such allegations and therefore deny those allegations.

48. Defendants deny the allegations of paragraph 48.

49. The RIGID Defendants admit that they have offered for sale and/or sold miter saws, including but not limited to the following part numbers or designation: RIGID R4110. For any remaining allegations in this paragraph, the

RIGID Defendants are without knowledge or information sufficient to form a belief as to the truth of such allegations and therefore deny those allegations.

50. Defendants deny the allegations of paragraph 50.

51. Defendants deny the allegations of paragraph 51.

52. Defendants deny the allegations of paragraph 52.

53. Defendants deny the allegations of paragraph 53.

## PRAYER FOR RELIEF

These paragraphs set forth the prayer for relief requested by Hitachi Koki to which no response is required. Defendants deny that Hitachi Koki is entitled to any of the requested relief and deny any allegations set forth in these paragraphs.

## AFFIRMATIVE DEFENSES

### AFFIRMATIVE DEFENSE NO. 1
### NON-INFRINGEMENT

Each of the claims for relief in the Second Amended Complaint is barred, in whole or in part, because Defendants have not infringed, directly or indirectly, and are not infringing, directly or indirectly, any valid and enforceable claims of the '251, '892, '644, '962, and '960 Patents, either literally or by equivalents, under any theory, including direct infringement, infringement by inducement, or contributory infringement.

**AFFIRMATIVE DEFENSE NO. 2**
**INVALIDITY**

Each of the claims for relief in the Second Amended Complaint is barred, in whole or in part, because each of the asserted claims of the '251, '892, '644, '962, and '960 Patents is invalid for failure to meet one or more of the conditions of patentability specified in Title 35, U.S.C., or the rules, regulations, and law related thereto, including, without limitation, in 35 U.S.C. § § 101, 102, 103, and/or 112.

**AFFIRMATIVE DEFENSE NO. 3**
**LACHES/ESTOPPEL**

Hitachi Koki's claims for relief are barred, in whole or in part, by the equitable doctrines of laches and/or estoppel.

**AFFIRMATIVE DEFENSE NO. 4**
**UNCLEAN HANDS**

Hitachi Koki's claims for relief are barred, in whole or in part, as a result of Hitachi Koki's unclean hands in asserting the '251, '892, '644, '962, and '960 Patents against Defendants.

**AFFIRMATIVE DEFENSE NO. 5**
**LIMITATION ON DAMAGES**

Hitachi Koki's claims for damages are barred, in whole or in part, by 35 U.S.C. § 287.

## DEFENDANTS' COUNTERCLAIMS AGAINST HITACHI KOKI

For its Counterclaims against Plaintiff, Hitachi Koki, Defendants, by and through their undersigned counsel, allege and assert as follows:

## THE PARTIES

1. Defendant and Counterclaim-Plaintiff, Techtronic Industries Co., Ltd., is a Hong Kong corporation with its principal place of business located at 24/F CDW Building, 388 Castle Peak Road, Tsuen Wan, New Territories, Hong Kong.

2. Defendant and Counterclaim-Plaintiff, Techtronic Industries North America, Inc., is a Delaware corporation with its principal place of business at 1428 Pearman Dairy Road, Anderson, South Carolina.

3. Defendant and Counterclaim-Plaintiff, One World Technologies, Inc., is a Delaware corporation with its principal place of business at 1428 Pearman Dairy Road, Anderson, South Carolina.

4. Defendant and Counterclaim-Plaintiff, OWT Industries Inc., is a Delaware corporation having its principal place of business at 225 Pumpkintown Highway, Pickens, South Carolina.

5. Defendant and Counterclaim-Plaintiff, Milwaukee Tool Electric Corporation, is a Delaware corporation with its corporate headquarters located at 13135 West Lisbon Road, Brookfield, Wisconsin.

6. Defendant and Counterclaim-Plaintiff, Ryobi Technologies, Inc., is a Delaware corporation with its principal place of business at 1428 Pearman Dairy Road, Anderson, South Carolina.

## JURISDICTION AND VENUE

7. Defendants' counterclaims arise under the United States patent laws, 35 U.S.C. § 100 *et seq*. and the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202.

8. The Court has subject matter jurisdiction over Defendants' counterclaims based on 28 U.S.C. §§ 1331 and 1338 (a) and (b).

9. Hitachi Koki is subject to personal jurisdiction in this District.

10. Venue is proper in this judicial district based on 28 U.S.C. §§ 1391 and 1400.

11. By virtue of the allegations in Hitachi Koki's Complaint in this action and Defendants' Answer thereto, an actual controversy exists between the parties as to whether the '251, '892, '644, '962, and '960 Patents are invalid, unenforceable, or infringed by Defendants.

**COUNT I:**
**DECLARATORY JUDGMENT OF NON-INFRINGEMENT**

12. Defendants repeat and incorporate by reference paragraphs 1-11 above as though fully set forth herein.

13. In its Second Amended Complaint, Hitachi Koki has alleged that it "owns all right, title and interest in" the '251, '892, '644, '962, and '960 Patents, and that it is entitled to recovery for infringement of the '251, '892, '644, '962, and '960 Patents.

14. Defendants have not infringed, directly or indirectly, and are not infringing, directly or indirectly, any valid, enforceable claim of the '251, '892, '644, '962, and '960 Patents, either literally, or by equivalence, or under any other theory, including direct infringement, infringement by inducement, or contributory infringement.

15. Accordingly, there is an actual and justiciable controversy within the meaning of 28 U.S.C. § § 2201 and 2202 between Hitachi Koki and Defendants with respect to infringement of the '251, '892, '644, '962, and '960 Patents.

**COUNT II:**
**DECLARATORY JUDGMENT OF INVALIDITY**

16. Defendants repeat and incorporate by reference paragraphs 1-15 above as though fully set forth herein.

17. In its Second Amended Complaint, Hitachi Koki has alleged that it "owns all right, title and interest in" the '251, '892, '644, '962, and '960 Patents, and that it is entitled to recovery for infringement of the '251, '892, '644, '962, and '960 Patents.

18. The '251, '892, '644, '962, and '960 Patents are invalid for failure to meet one or more of the conditions of patentability specified in Title 35, U.S.C., or the rules, regulations, and law related thereto, including, without limitation, in 35 U.S.C. § § 101, 102, 103, and/or 112.

19. Accordingly, there is an actual and justiciable controversy within the meaning of 28 U.S.C. § § 2201 and 2202 between Hitachi Koki and Defendants with respect to the validity of the '251, '892, '644, '962, and '960 Patents.

## **REQUEST FOR RELIEF**

Defendants respectfully request that the Court enter Judgment against Plaintiff and award Defendants the following relief:

(a) That the Court dismiss, with prejudice, Hitachi Koki's Second Amended Complaint against Defendants;

(b) That the Court award Hitachi Koki nothing by way of its Second Amended Complaint against Defendants;

(c) That the Court declare that Defendants have not infringed, directly or indirectly, and are not infringing, directly or indirectly, any claim of the '251, '892, '644, '962, and '960 Patents;

(d) That the Court declare that the claims of the '251, '892, '644, '962, and '960 Patents are invalid;

(e) That the Court enjoin Hitachi Koki from charging or asserting infringement of any claim of the '251, '892, '644, '962, and '960 Patents against Defendants or anyone in privity with Defendants;

(f) That Defendants be awarded their reasonable costs, expenses, and attorneys' fees in this action, as this is an exceptional case; and

(g) That Defendants be awarded any further relief that the Court may deem just and proper.

## JURY DEMAND

Defendants request trial by jury on all issues triable of right by jury.

Respectfully submitted this 5th day of April, 2013.

Scott W. Hansen (*pro hac vice*)
shansen@reinhartlaw.com
Paul J. Stockhausen (*pro hac vice*)
pstockha@reinhartlaw.com
Jessica Hutson Polakowski (*pro hac vice)*
jpolakowski@reinhartlaw.com
Jessica L. Farley (*pro hac vice)*
jfarley@reinhartlaw.com
Reinhart Boerner Van Deuren, S.C.
1000 N. Water Street, Suite 1700
Milwaukee, WI 53202
Phone: 414.298.1000
Facsimile: 414.298.8097

*/s/ Edward B. Krugman*
Edward B. Krugman
Georgia Bar No. 429927
krugman@bmelwaw.com
Tiana S. Mykkeltvedt
Georgia Bar No. 533512
mykkeltvedt@bme.law.com
Bondurant Mixson & Elmore LLP
1201 W Peachtree St. NW Ste 3900
Atlanta, GA 30309
Phone: 404.881.4100
Facsimile: 404-881-4111

Jason C. White (*pro hac vice*)
jwhite@morganlewis.com
Morgan, Lewis & Bockius, LLP-IL
77 West Wacker, Suite 500
Chicago, IL 60601
312-324-1775

***Attorneys for Defendants***

**CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1D, I hereby certify that this brief complies with the font and point selections approved by the court in Local Rule 5.1B.

*/s/ Edward B. Krugman*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 5, 2013, I filed the foregoing DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S SECOND AMENDED COMPLAINT with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

Christina Ondrick
condrick@mwe.com
Paul Devinsky
pdevinsky@mwe.com
Joshua David Rogaczewski (*pro hac vice)*
jrogaczewski@mwe.com
McDermott Will & Emery – Washington
600 13th Street, NW
Washington, D.C. 20005-3096

Ronald Thomas Coleman, Jr.
rcoleman@phrd.com
Trishanda L. Treadwell
ttreadwell@phrd.com
Parker Hudson Rainer & Dobbs
285 Peachtree Center Avenue, NE
1500 Marquis II Tower
Atlanta, GA 30303

*/s/ Edward B. Krugman*